NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| CESAR ADALBERTO ROMERO CARDOZA; HELEN ROXANA JORGE CALDERON; MATEO SEBASTIAN ROMERO JORGE,<br><br>        Petitioners,<br><br>  v.<br><br>PAMELA BONDI, Attorney General,<br><br>        Respondent. | No. 24-2<br><br>Agency Nos.<br>A220-602-315<br>A240-085-759<br>A240-085-760<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2025[**]
Pasadena, California

Before: MURGUIA, Chief Judge, and R. NELSON and SUNG, Circuit Judges.

Petitioner Cesar Adalberto Romero Cardoza ("Petitioner"),[1] a native and

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[1] Petitioner's partner and son are derivative beneficiaries of Petitioner's primary application.

citizen of El Salvador, seeks this court's review of the Board of Immigration Appeals' ("BIA") dismissal of his appeal of an Immigration Judge's ("IJ") decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Petitioner did not challenge several of the IJ's dispositive determinations in his BIA appeal and thus failed to administratively exhaust his claims for asylum and withholding of removal. *See Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023); 8 U.S.C. § 1252(d)(1) ("A court may review a final order of removal only if . . . the [petitioner] has exhausted all administrative remedies available to the [petitioner] as of right."). Section 1252(d)(1) is a claim processing rule, which is "mandatory in the sense that a court must properly enforce the rule if a party properly raises it." *See Fort Bend Cty., Texas v. Davis*, 587 U.S. 541, 549 (2019) (internal quotation marks and citation omitted); *Santos-Zacaria v. Garland*, 598 U.S. 411, 419 (2023). The Government properly raised the issue by arguing in its answering brief that Petitioner failed to challenge the IJ's dispositive findings on appeal to the BIA.[2]

Although a petitioner "need not use precise legal terminology to exhaust his

---

[2] Although the Government uses the language of waiver in its briefing, the issue is properly characterized as a failure to exhaust.

2                                                                                      24-2

claim . . . . he must put the issue before the BIA such that it had the opportunity to correct its error." *Arsdi v. Holder*, 659 F.3d 925, 929 (9th Cir. 2011) (internal quotation marks and citations omitted ). Here, Petitioner failed to meet this standard.

The BIA concluded that Petitioner failed to challenge the IJ's determination that there was no nexus between his alleged harm and a protected ground.[3] This issue is "dispositive of [a petitioner's] asylum and withholding of removal claims." *Riera-Riera v. Lynch*, 841 F.3d 1077, 1081 (9th Cir. 2016). Therefore, we decline to review Petitioner's other arguments related to asylum and withholding of removal. Even assuming Petitioner could prevail on these arguments, he still cannot establish an entitlement to relief because his nexus challenge is unexhausted. *See INS v. Bagamasbad*, 429 U.S. 24, 25 (1976).

2. As to CAT relief, Petitioner again failed to exhaust his claim. The IJ determined that Petitioner failed to demonstrate that he suffered any past harm that amounted to the definition of torture or that he had a credible fear of future torture by or with the acquiescence of government officials. The BIA concluded that Petitioner failed to meaningfully challenge these determinations, which are dispositive for his request for CAT relief. *See* 8 C.F.R. § 1208.18(a)(1) (defining

---

[3] The BIA also concluded that that Petitioner did not challenge the IJ's determinations that he failed to establish: (1) an objectively reasonable fear of future harm; (2) that membership in his proposed social group was a reason for the harm he experienced; and (3) that he could not safely relocate to avoid harm.

torture as "severe pain or suffering, whether physical or mental, [which] is intentionally inflicted on a person" by or with the "acquiescence of[] a public official"); *Guo v. Sessions*, 897 F.3d 1208, 1217 (9th Cir. 2018) (Torture is "more severe than persecution." (internal quotation marks and citation omitted)). Because Petitioner failed to properly challenge the IJ's finding of no torture before the BIA, this issue is unexhausted, and his CAT claim necessarily fails. *Umana-Escobar*, 69 F.4th at 550.[4]

**PETITION DENIED.**

---

[4] Accordingly, we again decline to review Petitioner's other argument related to CAT relief. *See Bagamasbad*, 429 U.S. at 24.